Devin H. Fok (SBN 256599)
**DHF LAW, P.C.**
121 W. Lexington Dr. Ste. L500D
Glendale, CA 91203
Telephone: (888) 651-6411
Facsimile: (818) 484-2023
devin@devinfoklaw.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| JONATHAN TORAL, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>INTERSTATE HOTELS & RESORTS, INC.,<br><br>　　　　　Defendant. | No.:2:14-CV-9922_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.　　This is a consumer class action challenging Defendant INTERSTATE HOTELS & RESORTS, INC.'s ("Interstate" or "Defendant") widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA") in its hiring process. When employers like Defendant use consumer-background reports as a factor in their decision to hire, promote, reassign, or terminate employees, the FCRA imposes certain strictures on those employers. Specifically, the FCRA requires that an employer first disclose its intent to use a background report in its hiring decision and must obtain the prospective employee's written authorization to do so, and the employer's disclosure must be "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A). Defendant fails to meet this most-simple of requirements,

as its disclosure of intent to use a background report also contains a purported release of the prospective employee's claims against both Defendant and the agency which prepared the report, Corporate Investigations, Inc. ("CII").

2. The FRCA also imposes upon employers who use background reports to make hiring decisions the requirement that—before taking an adverse action—the employer provide the prospective employee with a copy of the report and a summary of the employee's FCRA rights. This is called a "pre-adverse action notice".

3. Defendant failed to provide said notice to Plaintiff.

4. Rather, the first time Plaintiff received any notice is after the employer had already taken adverse action.

5. Plaintiff brings claims for these violations of the FCRA for himself and all individuals in the Classes described below.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Jonathan Toral is an adult individual who at all times relevant hereto resided in Los Angeles, California.

9. Defendant Interstate Hotels & Resorts, Inc. is a Virginia corporation that owns and operates hotels throughout the country including the State of California. Defendant also maintains its corporate headquarters in Arlington Virginia.

2

# FACTUAL ALLEGATIONS

**A.    Defendant's Practices In Using Background Reports in Its Hiring Process**

10.    Defendant is a nationwide owner and operator of hotels and resorts, which hires consumers like Plaintiff.

11.    The FCRA defines a "consumer report" as "any written, oral, or other communication of *any information* by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for . . ." among other things "(B) employment purposes." (emphasis added).

12.    The FCRA limits the use of consumer reports, including background reports like those at issue in this case, to only certain instances.

13.    When an employer like Defendant chooses to screen applicants by using background reports, it subjects itself to the strictures of the FCRA.

14.    As part of its hiring process, Defendant uses a standardized form in which it discloses to consumer-applicants its intention to obtain a consumer report about them, and it also obtains the consumer's written permission to obtain that report.

15.    On information and belief, job applicants in all of the 284 hotels owned and operated by Defendant receive and execute a form disclosure identical to the one Plaintiff received and executed.

16.    The FCRA explicitly requires that the disclosure of an employer's intent to obtain a background report on an applicant be contained in a "stand alone" document, and that the authorization be "clear and conspicuous."

17.    Defendant's policies and practices do not comply with this requirement.

18.    As part of the initial application process, Defendant includes the following fine print as part of its on-line application:

> I authorize investigation of all statements contained in this application and give the Company permission to contact schools, previous employers, references, and others, and release the Company from all liability as a result of such contact.

19. This disclosure is part of a multi-part disclosure that includes not only background check disclosures but also disclosures related to at-will employment as well as other state-specific regulations. (The relevant portion of the application is attached hereto as Exhibit "1").

20. This disclosure seeks to prey on applicants' ignorance or desire to please their prospective employer, by requiring applicant's consent to waive their rights in the background screening process.

21. Following Plaintiff's consent to said waiver of rights and on or about November 15, 2013, Plaintiff was selected for an interview.

22. Defendant deemed that Plaintiff was suitable for employment and sought to obtain a consumer report on Plaintiff.

23. Defendant sought to obtain a second authorization from Plaintiff for a background check.

24. The authorization is entitled "Authorization and Release" and includes the following language:

> I hereby release the Employer [Interstate], CII [Consumer Reporting Agency], and any persons providing information to the Employer or CII from any and all liability that may arise in connection with the above-described background investigation. (Exhibit "2").

25. Separately from the requirement that employers use clear, stand-alone documents to obtain authorizations to procure background reports for employment uses, the FCRA also requires that employers provide consumers with notice before basing an adverse-employment action against consumers on information contained in those reports.

4

26. Defendant does not provide such notices to consumers prior to taking adverse action. Rather, the only notice consumers received is after their employment application has been denied.

**B. Factual Background of Plaintiff's Application for Employment with Interstate**

27. On approximately November 5, 2013, Plaintiff applied for employment with Embassy Suites, Los Angeles Airport, a hotel owned and operated by Defendant.

28. As part of the initial on-line application, Defendant required Plaintiff to consent to the disclosure as set forth above in Paragraph 18.

29. On or about November 15, 2013, Defendant interviewed Plaintiff and determined he was qualified for a night auditor position, and offered him the position pending the outcome of a background screen.

30. As part of the Defendant's process for obtaining a background report about him, Plaintiff signed and executed an additional authorization form that Defendant provided.

31. The form authorization contained the statements as set forth in Paragraph 24.

32. On or about November 19, 2013, Defendant procured a consumer report from CII.

33. The consumer report was completed and furnished to Defendant on or about November 21, 2013.

34. The next day and on or about November 22, 2013, Defendant informed Plaintiff by written correspondence that it was "unable to continue" Plaintiff's employment due to the contents in the consumer report.

35. Defendant never provided Plaintiff the statutory notice under 15 U.S.C. §1681b(b)(3) prior to taking adverse action against Plaintiff.

5

36. Specifically, 15 U.S.C. §1681b(b)(3) mandates an employer to provide a compliance notice including a copy of the consumer report "***before taking any adverse action***."

37. Rather than providing Plaintiff with a pre-adverse action notice, Defendant provided Plaintiff with a post-adverse action notice and foreclosing any opportunity for Plaintiff to dispute the information disclosed in his consumer report. (*See* 15 U.S.C. §1681m).

38. Moreover, the consumer report ultimately disclosed to Plaintiff following the taking of adverse action is incomplete.

39. The November 22, 2013 letter states that:

> During the course of our investigation it was found that a prior employer was not listed on your employment application…. (Exhibit "3").

40. However, the consumer report attached to the letter omits any information relating to Plaintiff's previous employment history. It is unclear how Defendant found such discrepancy. In fact, employment verification is not among the items requested as part of the screening process Defendant requested from CII.

**C. Facts Common to Plaintiff and Similarly Situated Consumers**

41. Plaintiff alleges that the process of disclosure (or non-disclosure) and was routinely used by Defendant for all or nearly all of its employment applicants.

42. Plaintiff is informed and believes, and on that basis alleges that Defendant uses a standard web-based form to serve as an application for all job applicants who wishes to apply for employment with any of the 284 hotels owned and operated by Defendant.

43. Plaintiff is informed and believes, and on that basis alleges that the on-line application contains the disclosures as described in paragraph 18 above.

6

44. Plaintiff is informed and believes, and on that basis alleges that it is Defendant's standard policy to require consumers to sign an additional authorization form that includes a release of liability language described in paragraph 24 above.

45. Finally, Plaintiff is informed and believes, and on that basis alleges that Defendant routinely fail to provide any pre-adverse action notice compliant with 15 U.S.C. §1681b(b)(3) prior to the taking of adverse action against consumers including the denial of employment.

**D. Applicable Law**

46. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows (with emphasis added):

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (a)) the procurement of the report by that person.

47. Section 1681b(b)(2)(A) therefore imposes upon Defendant the duty to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report about them will be procured. Further, section 1681b(b)(2)(A) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed.

Section 1681b(b)(2)(A) thus prohibits Defendant from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple, conflicting documents to obtain the authorization.

48. Additionally, section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> i. a copy of the report; and
>
> ii. a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

49. The purpose of section 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, and to notify the prospective employer of these inaccuracies before an adverse action is taken.

50. Defendant did not provide Plaintiff and members of the putative Class with copies of their background reports at any time before it took an adverse action against them.

51. This failure by Defendant to give any sort of notice before taking an adverse action against Plaintiff and other applicants violated a well-established FCRA requirement.

52. Defendant procured consumer reports for Plaintiff and those similarly situated for employment purposes without first obtaining their written authorization to do so with a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

53. Defendant failed to provide a copy of the consumer report a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

54. Defendant failed to hire Plaintiff without providing him with any advance notice that it was going to take that adverse action, without providing him with a copy of the consumer report, and without providing him with a summary of his rights under the FCRA.

**E. Defendant Acted Willfully**

55. Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

56. The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

57. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

58. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in caselaw applying those provisions.

59. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

60. Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

61. Moreover, prior to procurement of any consumer report, an employer such as Defendant was required to certify to the consumer reporting agency that it has complied with the disclosure requirements as specified under 15 U.S.C. §1681b(b)(2)(A)(i) and that it will comply with the pre-adverse action notice requirements under §1681b(b)(3)(A).

62. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

63. Apart from the FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals under the CCRAA for punitive damages of between $100 and $5,000 per Class Member as well as equitable relief pursuant to Cal. Civ. Code § 1785.31(a)(2)(B), (b).

64. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and will seek certification of that issue.

## CLASS ACTION ALLEGATIONS

**A.  The FCRA Class**

65. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Class, initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency.

**B.  The FCRA Sub-Classes**

10

66.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Sub-classes, initially defined as follows:

   a.   All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);

   b.   All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer under the FCRA, as required by the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii).

**C.   Application of Rule 23 to the Classes**

67.    **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

68.    **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendant's employment application included a standalone document that contained only the "clear and conspicuous" disclosure mandated by section 1681b(b)(2)(A);

    b.    Whether Defendant's procedure violated section 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

    c.    Whether Defendant's standard procedure of denying employment without first providing the disclosures required by section 1681b(b)(3)(A) violated the FCRA;

    d.    Whether the uniform timing of Defendant's FCRA disclosures complied with section 1681b(b)(3)(A)(ii); and

    e.    Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

69.    **Typicality – F**ED**. R. C**IV**. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class Member. For class certification purposes, Plaintiff seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

70.    **Adequacy of Representation – F**ED**. R. C**IV**. P. 23(a)(3).** Plaintiff is an adequate representative of the Classes because his interests coincide with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Classes.

71.    **Superiority – Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes

individually to redress effectively the wrongs done to them.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

72. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class Members. FED. R. CIV. P. 23(b)(2); *see* CAL. CIV. CODE § 1785.31(b).

//
//
//
//

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF FCRA SECTION 1681b(b)(2)(A)(i)

73. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

74. Defendant willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

75. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

13

76. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

77. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

### COUNT II—VIOLATION OF FCRA SECTION 1681b(b)(3)(A)(i)

78. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

79. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

80. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

81. In the alternative to the Plaintiff's allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT III—VIOLATION OF FCRA § 1681b(b)(3)(A)(ii)

82. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

83. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and

14

1  employees the summary of rights required by this section of the FCRA before taking
2  an adverse action that was based in whole or in part on a consumer report.

3       84.    Plaintiff seeks statutory damages for themselves and all others similarly
4  situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

5       85.    Plaintiff seeks punitive damages and equitable relief for this violation
6  pursuant to 15 U.S.C. § 1681n(a)(2).

7       86.    In the alternative to the Plaintiff's allegations that these violations were
8  willful, he alleges that the violations were negligent and seek issue certification of that
9  issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

//
//
//
//
//
//

## JURY TRIAL DEMAND

     87.    Plaintiff demands trial by jury on all issues.

Date: December 30, 2014                   Respectfully submitted,

                                            /s/ Devin H. Fok

                                            Devin H. Fok (SBN 256599)
                                            **DHF LAW, P.C.**
                                            121 W. Lexington Dr. Ste. L500D
                                            Glendale, CA 91203
                                            Telephone: (888) 651-6411
                                            Facsimile: (818) 484-2023
                                            devin@devinfoklaw.com

                                            *Attorneys for Plaintiff and the Proposed Class*